Patrick T. Morphy, Esq. Informal Opinion No. 99-13 Corporation Counsel City of Troy City Hall Troy, N Y 12180
Dear Mr. Morphy:
You have stated that the City of Troy has a contract with the Office of Court Administration (OCA) to provide security in the Troy City Court. The City would like to replace the police officers now providing security with uniformed court officers. OCA, however, has informed officials of the City that in order for it to accept the City's plan, the uniformed court officers must have peace officer status. Your question is whether section 2.10 of the Criminal Procedure Law must be amended specifically to designate uniformed court officers of the City of Troy as peace officers.
In 1980, the Criminal Procedure Law was amended in relation to the designation and powers of peace officers. L 1980, ch 843. Chapter 843 was the culmination of many years of study, particularly the Law Revision Commission's 1976 report to the Legislature. See, Recommendation of the Law Revision Commission to the 1976 Legislature, McKinney's 1976 Session Laws, pp 2250-2282, 1976 Legislative Document No. 65(1). A primary purpose of Chapter 843 was to consolidate all peace officer designations into section 2.10 of the Criminal Procedure Law. Thus, a class of enforcement officers will not have peace officer status unless they are included within section 2.10 of the Criminal Procedure Law.
You have noted that in a 1984 opinion of this office (1984 Op Atty Gen [Inf] 131) to the City of Mount Vernon, we expressed the view that uniformed court attendants of Mount Vernon's City Court are peace officers under Criminal Procedure Law § 2.10(21)(a). That provision designates "[u]niformed court officers of the unified court system" as peace officers. In reaching this conclusion, we cited N Y Const, Art VI, § 1(a), providing that "[t]he unified court system for the state shall also include the district, town, city, and village courts. . . ." We, therefore, opined in 1984 that the existing Criminal Procedure Law made all uniformed court officers of the Unified Court System, including those of Mount Veron's City Court, peace officers. Subsequent amendments to section 2.10, however, have created considerable doubt as to the continued viability of our conclusion.
Following the issuance of our 1984 opinion, section 2.10(21) was amended through the addition of paragraph (e), which expressly lists uniformed court officers of the City of Mount Vernon as peace officers. The Assembly sponsor explained that although it had been the custom of Mount Vernon uniformed court officers to exercise peace officer powers, the status of these court officers "is ambiguous and this legislation is necessary to clarify their status as peace officers." Bill Jacket, L 1992, ch 487, July 14, 1992 letter from Gregory Young, Assembly Sponsor to Counsel to the Governor.
Section 2.10 subsequently was amended in 1994 temporarily to add uniformed court officers of the City of Peekskill to the list of peace officers (L 1994, ch 466) and in 1995 uniformed court officers of the City of Jamestown were added to the peace officer designations in section 2.10(21) (paragraph [f] added by L 1995, ch 658).
While our 1984 opinion was plausible when written, the subsequent amendments to section 2.10 have cast doubt on its conclusion that uniformed court officers of city courts automatically obtain peace officer status by virtue of Criminal Procedure Law § 2.10(21)(a). Taking into consideration the clear legislative purpose to designate all categories of peace officers within section 2.10 and the specific addition through three separate chapters of uniformed court officers of three city courts, it is our view that the City of Troy should seek an amendment to section 2.10 to designate uniformed court officers of the Troy City Court as peace officers.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General
In Charge of Opinions